**C. P. HARRIS, Jr., Administrator C.T.A. of the Estate of W. T. Harris, W. A. Harris, Thelma M. Whitehurst, and Katherine D. Harris, Plaintiffs,**

v.

**PASQUOTANK COUNTY, NORTH CAROLINA, Defendant.**

**Civ. No. 415.**

United States District Court
E. D. North Carolina,
Elizabeth City Division.

Aug. 20, 1963.

LeRoy, Wells & Shaw, Elizabeth City, N. C., for plaintiffs.

Aydlett & White, Elizabeth City, N. C., for defendant.

LARKINS, District Judge.

### SUMMARY

This action is before the Court on defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted under Rule 12(b) (6) of the Federal Rules of Civil Procedure. Plaintiffs sue for a breach of contract and damages done to their forty (40) acres of land. This is a diversity action and the matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000.00.

### FINDINGS OF FACT

For the purposes of such a motion as is before the Court, the allegations of the Complaint are taken as admitted. See 2 Moore, Federal Practice,

§ 12.08 (2d Ed. 1961) p. 2244. Thus, the facts as alleged by plaintiffs are as follows:

The plaintiffs, who are residents of the Commonwealth of Virginia, hold a forty (40) acre tract of land in Elizabeth City Township as tenants in common. In September, 1957, the voters of Pasquotank County approved a duly authorized bond issue for the purpose of financing the erection of a hospital and of buying land as a site therefor. Thereafter, a committee of the County Board of Supervisors of the defendant County negotiated with the plaintiffs to acquire an option for the purchase of their forty-acre tract. Subsequently, plaintiffs offered to sell their property for $39,000.00 and proposed a method of payment to the County Board of Commissioners. At a meeting held on January 6, 1958, the Pasquotank County Board of Commissioners accepted plaintiffs' offer to sell and their suggested method of payment by unanimous resolutions. Notice of acceptance was received by W. A. Harris, one of the plaintiffs, by a letter dated January 6, 1958, and signed by J. S. Spence as Clerk for the Pasquotank County Board of Commissioners.

Pursuant to the notice of acceptance, the defendant County took possession of plaintiffs' tract of land, evicted their tenant, dug holes in the ground, drove pilings and laid pipe and exercised dominion over the tract. Thereafter, plaintiffs tendered the deed to their forty-acre tract of land to the County, through its attorney, N. Elton Aydlett, Esquire, which deed was refused. Afterwards, the defendant purchased another site for the hospital and informed the plaintiffs that it would not comply with its contract to buy the land.

## CONCLUSIONS OF LAW

A Complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.

2 Moore, Federal Practice, § 12.08 (2d Ed. 1961) p. 2244. Pleadings are to be construed liberally.

The defendant's brief in support of its Motion to Dismiss consists solely of letters representing an advisory opinion from the North Carolina Attorney General's office. That office feels that the defendant cannot be held liable on a breach of contract. Such a feeling or opinion does not adequately support a Motion to Dismiss. The defendant must show, or it must appear to the Court, as a certainty, that plaintiffs are entitled to no relief under any state of facts which could be proved in support of the claim. If it were obvious that no contract had been entered into by the defendant, a claim upon which relief could be granted would still exist on the basis of the injury caused to the plaintiffs' land. Even though it appears that a plaintiff will not be able to establish a case, if he has alleged facts that constitute a claim upon which relief can be granted, then a Motion to Dismiss on that basis will be denied. " * * * (N)o matter how likely it may seem that the pleader will be unable to prove his claim, or case, he is entitled, on averring a claim, to an opportunity to try to do so. The motion to dismiss will not be granted unless it clearly appears that the facts do not authorize relief or that relief is barred by some fact alleged, or that the allegations of fact are insufficient to entitle plaintiff to recover. * * * " 35B C.J.S. Federal Civil Procedure § 821.

The plaintiffs have alleged facts sufficient to support a breach of contract and injury or damage to their land. The defendant has not shown, nor has the Court been able to find, that the plaintiffs are entitled to no relief as a certainty.

Therefore, the defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted is hereby denied. It is so ORDERED.

The Clerk is directed to serve a copy of this Opinion and Order upon all counsel of record.